# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

INGENIADOR, LLC,                               §
                                               §
    Plaintiff,                             §
                                               §
    v.                                     §    CIVIL ACTION NO. 2:12-CV-00805-JRG
                                               §
ADOBE SYSTEMS INCORPORATED,                    §
                                               §
    Defendant.                             §
                                               §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Adobe Systems Incorporated's ("Adobe") Motion To Transfer (Dkt. No. 14), filed March 22, 2013. Plaintiff Ingeniador, LLC ("Ingeniador") filed suit against Adobe on December 19, 2012, alleging infringement of U.S. Patent No. 6,990,629. By the present motion, Adobe moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer the Ingeniador's claims to the United States District Court for the Northern District of California. After careful consideration of the parties' written submissions, the Court finds that the motion should be **GRANTED** for the reasons set forth herein.

## I.    Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

Once that threshold is met, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

## II.     Analysis

### A.   Availability of the Transferee Venue

Adobe is headquartered in San Jose, California, which is in the Northern District of California. Under 28 U.S.C. § 1400(b), a civil action for patent infringement "may be brought in the judicial district where the defendant resides." Ingeniador does not dispute these facts or the

controlling law. Accordingly, Ingeniador could have brought this suit originally in the Northern District of California, and the threshold inquiry of the transfer motion is satisfied.

B. <u>Private Interest Factors</u>

   *1.  Relative Ease of Access to Sources of Proof*

This being a patent case, it is likely that the bulk of the relevant evidence in this action will come from Adobe. *See In re Genentech*, 566 F.3d 1388, 1345 (Fed. Cir. 2009). Most of the documentary and source code evidence relating to the accused product resides on servers in San Jose (Dkt. No. 14-1, at 2). Some of Adobe's evidence resides on servers in Basel, Switzerland. *Id.* Ingeniador contends that Defendant's invalidity defense will require documents located in Sugar Land, Texas, and that Plaintiff will have relevant evidence located in Puerto Rico (Dkt. No. 21, at 5). No party contends that relevant evidence exists in the Eastern District of Texas. Though the Eastern District of Texas might serve as a central location that is roughly equal in convenience to parties in San Jose, Houston, and San Juan, and though in the modern era the inconvenience of making documents available some distance from their source is minimal, the Court nonetheless finds that, because the bulk of the relevant evidence likely resides in the Northern District of California, this factor favors transfer.

   *2.  Availability of Compulsory Process*

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). The Fifth Circuit has, in the past, distinguished between the power to compel a nonparty witness's attendance at trial and "absolute" subpoena power, which appears to require that a Court be able to enforce subpoenas of nonparty witnesses for *deposition* as well as trial. *See Volkswagen II*, 545 F.3d at 316.

Previous Courts seem to have assumed that a party residing or working more than 100 miles from the District Courthouse are "outside the Eastern District's subpoena power for deposition." *See id.* The amended Rule makes clear that this is not the case. Under Rule 45, a subpoena for attendance at a deposition must issue from "the court where the action is pending"; such a subpoena must be quashed *by the district court of the place of compliance* if it requires a person to travel more than "100 miles from where that person resides, is employed, or regularly transacts business in person" to attend the deposition. Fed. R. Civ. P. 45(a)(2), (c)(1)(A), (d)(3)(A). Thus, the question is not whether a nonparty witness resides or works themselves within 100 miles of the District Court, but whether there exists any point that is *both* within the district (and thus subject to the Court's subpoena power) *and* within 100 miles of the nonparty's location (and thus not subject to a motion to quash). The Court notes, however, that the *convenience* of compulsory process is also a consideration in this factor. *See Volkswagen II*, 545 F.3d at 316. Thus, the existence of an inconvenient location that is available for compulsory process will weigh less strongly than the existence of a convenient location.

Here, Adobe argues that the availability of compulsory process over Adobe's employees in California should weight this factor heavily toward transfer. Adobe's witnesses, however, are by admission witnesses over whom Adobe has control. These witnesses will not require compulsory process, and thus are not entitled to strong consideration for the purposes of this factor. *See Texas Data Co. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643-44 (E.D. Tex. 2011). Rather, the focus of this factor is on witnesses for whom compulsory process might be necessary. Plaintiff suggests that personnel from Schlumberger's Sugar Land, Texas headquarters, and one of the original prosecuting attorneys, who resides in Houston, may be relevant witnesses (Dkt. No. 21, at 9). The Court notes that both Houston and Sugar Land are within 100 miles of

locations within this Court's Beaumont division, and thus these witnesses are not only subject to the Court's trial subpoena power, but also, potentially, to its deposition subpoena power. The Court notes that exercise of its compulsory deposition power over these witnesses would be inconvenient, however.

Weighing all considerations of available compulsory process, the Court finds that this factor weighs slightly against transfer, because, though most witnesses in this case will not require compulsory process, two potential nonparty witnesses are subject (not without inconvenience) to this Court's subpoena.

### 3. Cost of Attendance for Willing Witnesses

The most important factor in this Court's analysis of this case is the cost of attendance for willing witnesses. As noted above, most of the evidence in this case, and most of the witnesses for the defense, will come from Adobe's California campuses. In contrast, none of Plaintiff's witnesses reside or work in the Eastern District of Texas. Plaintiff suggests that it will call witnesses from Puerto Rico, Great Britain, Massachusetts, and Houston.

Witnesses residing in San Francisco or San Jose would be forced to travel more than 1,500 miles to attend trial in this Court. If the case were tried in the San Jose division of the Northern District of California, these witnesses would need to travel fewer than 100 miles. Witnesses traveling from Puerto Rico, Great Britain, and Massachusetts will have to travel more than 1,500 miles regardless of venue; and though the distance from these witnesses to California is longer than the distance to Texas, the added inconvenience that would be suffered by these witnesses in travelling to California rather than Texas is not great, since these witnesses would already be committed to long flights. *See Genentech*, 566 F.3d at 1344.

The only potential witnesses for whom the Eastern District of Texas would be substantially more convenient than the Northern District of California are those residing in Houston, Texas. Houston is approximately 200 miles from Marshall. The distance from Houston to San Jose, California is more than 1,500 miles. Obviously, San Jose is a less convenient venue for these witnesses than Marshall. *See Volkswagen I*, 371 F.3d at 204-05. However, the Court finds that, given that most witnesses will likely come from California, this inconvenience is outweighed by the substantially increased convenience of witnesses in California.

Having considered the substantial convenience for California witnesses of transferring this case, the significant inconvenience of transferring for Texas witnesses, and the marginal inconvenience of transferring for other witnesses, the Court finds that this factor weighs in favor of transfer.

### 4. Other Practical Problems

Plaintiff suggests that the location of counsel in the case should figure into the Court's analysis. Plaintiff cites no law supporting this proposition, and the Court does not see a reason why it should weight its analysis enough to merit discussion. No other "practical problems" are suggested.

### C. Public Interest Factors

### 1. Court Congestion

Both Plaintiff and Defendant agree that this factor is neutral. The Court sees no reason not to accept this conclusion, and accordingly finds that this factor is neutral.

### 2. Local Interest

Adobe argues that California has a particularized local interest in adjudicating disputes in which Adobe is the defendant because

> Adobe was founded and is headquartered in San Jose, California, maintains its principal place of business in San Jose, and is a long-time Northern California technology company. In fact, Adobe hung its first shingle in San Jose, California in 1982. Now, Adobe employs thousands of people in its San Jose and San Francisco offices. That Ingeniador's allegations call into question the reputation of Adobe and its employees only furthers the Northern District of California's local interest in resolving this matter.

(Dkt. No. 14, at 12-13). Put less delicately, this argument amounts to "California has a localized interest in resolving this dispute because its jurors will be biased toward the defendant." A predisposition toward one party, independent of the merits of the case, cannot be the kind of "local interest" cognized by the federal rules, and this Court gives this consideration no weight in its analysis.

On the other hand, Plaintiffs also identify no particularized local interest in trying this case in this Court. Rather, they argue that "in a suit where an allegedly infringing product is sold nationwide . . . no one venue has 'more or less of a meaningful connection to [the] case than any other venue'" (Dkt. No. 21, at 15, *citing In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)). Weighing both parties' arguments, the Court concludes that this factor is neutral.

*3. Familiarity with the Governing Law*

The Court hopes that it does not flatter itself too much in concluding that its experience and familiarity with patent law is equivalent to that of its sister court in California. This factor is neutral.

*4. Avoidance of Conflict of Law*

This is a patent infringement suit based on uniform federal law. Thus, no conflict of laws issues should arise. The court finds that this factor is inapplicable in this transfer analysis.

### III.    Conclusion

In summary, the Northern District of California is where most of the evidence and the key witnesses in this case are located. With respect to the evidence and witnesses not located in California, trying this case in the Eastern District of Texas would be only marginally more convenient. On balance, the Court finds that this case should be transferred and that the Northern District of California is clearly more convenient under the venue analysis rules imposed on these parties by the Fifth Circuit.

Therefore, Defendant's Motion to Transfer Venue is **GRANTED**. It is **ORDERED** that this case is transferred to the United States District Court for the Northern District of California.

**So Ordered and Signed on this**

**Jan 9, 2014**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE